IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLAIR, WESTON | X | |
| PLAINTIFF | X | |
| V. | X | CIVIL ACTION NO. |
| | X | |
| HARRIS COUNTY, TEXAS | | |
| | X | (JURY DEMANDED) |
| DEFENDANT | | |
| | X | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESTON BLAIR, as Plaintiff in the above-styled and numbered cause of action, and makes this his original complaint, and complains of HARRIS COUNTY, TEXAS, as Defendant, and for good grounds he would respectfully show the Court as follows:

## PARTIES

1. The Plaintiff is WESTON BLAIR, an individual person who resides in Harris County, Texas.

1

2. Defendant is HARRIS COUNTY, TEXAS which can be served by causing a summons and a copy of process to be personally served upon its County Judge, Hon. Ed Emmett, Harris County Administration Building, 1001 Preston Street, Houston, Texas 77002.

## JURISDICTION

3. This Court has jurisdiction to hear this case because all of the res of this suit transpired in Harris County, Texas; and, the defendant's principal place of business is in Harris County, Texas. Jurisdiction is granted by Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. sections 2000e to 2000e-17; and, the Age Discrimination in Employment Act of 1967, as codified 29 U.S.C. sections 621 to 634.

## FACTS

4. Plaintiff was employed as a maintenance engineer by the defendant. The plaintiff was employed by defendant by 14 and a half years at the time of his termination.

5. At the time of his termination, the plaintiff was 59 years old.

6. While working for the defendant, the plaintiff noticed that the defendant was replacing long term older employees with younger persons.

7. As plaintiff approached 60 years of age, the defendant began to accuse the plaintiff of not using his time efficiently. For the first time in his 14 plus years with the defendant, the plaintiff received a negative performance review. He was then put on a performance improvement plan that required him to send an email message to his supervisor every hour of the workday. The plaintiff was not provided

with a computer to send these emails. The plaintiff was then terminated in December 2017.

8. A charge of discrimination was timely filed with the Equal Employment Opportunity Commission in April 2018. A Notice of Right to Sue letter was issued by the EEOC on April 3, 2018. This law suit is filed within the 180 day period after the issuance of that letter. A copy of the Notice of Right to Sue letter is marked "Exhibit A" and is attached hereto and incorporated herein for all purposes.

## CAUSES OF ACTION:
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

9. Title VII and the ADEA prohibit an employer from discriminating against an employee on the basis of race and age, respectively. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII); 29 U.S.C. § 623(a)(1) (ADEA). Under Title VII and the ADEA, a plaintiff can prove discrimination through

direct or circumstantial evidence. *Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000) (ADEA).

10. To establish a *prima facie* case of discrimination under Title VII and the ADEA, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably than similarly situated persons who were not members of the protected class. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Tex. Police Dep't.*, 370 Fed. App'x 546, 548 (5th Cir. 2010) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)) (ADEA).

11. Under Title VII, plaintiff must prove that

his race was a motivating factor in the decisions not to select him for a position. *Peterson v. Bell Helicopter Textron, Inc.*, 807 F.3d 650, 657 n.1 (5th Cir. 2015) (citing 42 U.S.C. 2000e-2(m)).

12. The plaintiff must allege and establish that at least one of the individuals selected for the three positions are "substantially younger" than him, and that but-for his age, HCC would have selected him to fill the positions at issue. *Gross v. FBL Financial Servs.*, 557 U.S. 167, 171 (2009); *Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir. 2013).

13. The plaintiff states a prima facie case against the defendant based upon race and age discrimination because: (A) he is a member of a protected group; (B) he is qualified for the position; (C) he has suffered an adverse employment action; and, (D) he has established that he was treated differently than other

employees similarly situated. The plaintiff brings suit against the defendant for a redress of his injuries.

14. The plaintiff has stated a prima facie case of retaliation against him by the defendant; and, he brings suit for a redress of his injuries.

15. DAMAGES: GENERAL. The plaintiff pleads for general damages in an amount to be found just and right by the jury and the Court.

16. DAMAGES: SPECIAL. At the time of his termination, the plaintiff made approximately fifty thousand dollars per year ($50,000.00) in wages working for the defendant. The plaintiff had six (6) years to go to reaching retirement age. The plaintiff has suffered that as a loss. Additionally, termination before reaching full retirement age reduces the amount the plaintiff would have received as a monthly retirement benefit in an undetermined amount. The

plaintiff has suffered that as a loss.

17. **EXEMPLARY DAMAGES.** The Plaintiff requests punitive/exemplary/liquidated damages against the defendant by reason of its gross negligence, conscious indifference to the welfare of the Plaintiff and persons in his position, and intentional malice.

## CAUSE OF ACTION:
## SUBSTANTIVE DUE PROCESS AND THE DOCTRINE OF LOUDERMILL V. CLEVELAND BOARD OF EDUCATION

18. WESTON BLAIR was a "regular classified" employee of HARRIS COUNTY, TEXAS. He had successfully passed through his probationary period and he worked more than 20 hours per week. He thus met the definition of a "regular classified" employee as set forth in the defendant's employment policy.

19. The Supreme Court of the United States announced in the case of *Loudermill v. Cleveland Board of Education, 470 U.S. 532*

*(1985),* that a non-probationary permanent government employee has an expectation of continued employment that is protected by the Due Process Clause of the 14th Amendment and Constitution.

20. The plaintiff asserts a procedural due process claim against the defendant; and, he asserts a substantive due process claim against the defendant.

21. The plaintiff was entitled to a pre-termination opportunity to respond to allegations made against him; and, he is entitled to a post-termination opportunity to respond to and refute allegations made against him used to support his termination.

22. The plaintiff was terminated without be granted any due process.

## CAUSE OF ACTION: 42 U.S.C. §1983

23. WESTON BLAIR was a "regular classified" employee of HARRIS COUNTY, TEXAS. He had successfully passed through his probationary period and he worked more than 20 hours per week. He thus met the definition of a "regular classified" employee as set forth in the defendant's employment policy.

24. The Supreme Court of the United States announced in the case of *Loudermill v. Cleveland Board of Education, 470 U.S. 532 (1985),* that a non-probationary permanent government employee has an expectation of continued employment that is protected by the Due Process Clause of the 14th Amendment and Constitution.

25. The plaintiff was entitled to a pre-termination opportunity to respond to

allegations made against him; and, he is entitled to a post-termination opportunity to respond to and refute allegations made against him used to support his termination.

26. The plaintiff was terminated without be granted procedural or substantive due process.

27. 42 U.S.C. §1983 is a vehicle that provides a citizen the means to address deprivations of his liberty by those actions of persons acting under the color of state law.

28. DAMAGES: GENERAL. The plaintiff pleads for general damages in an amount to be found just and right by the jury and the Court.

29. DAMAGES: SPECIAL. At the time of his termination, the plaintiff made approximately fifty thousand dollars per year ($50,000.00) in wages working for the defendant. The plaintiff had six (6) years to go to reaching retirement age. The plaintiff has suffered that as a loss. Additionally, termination before reaching full

retirement age reduces the amount the plaintiff would have received as a monthly retirement benefit in an undetermined amount. The plaintiff has suffered that as a loss.

30. EXEMPLARY DAMAGES. The Plaintiff requests punitive/exemplary/liquidated damages against the defendant by reason of its gross negligence, conscious indifference to the welfare of the Plaintiff and persons in his position, and intentional malice.

31. The plaintiff demands a jury trial.

## CAUSE OF ACTION: EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

32. The plaintiff was a long term employee of the defendant. As such, he was a participant in the defendant's retirement system.

33. The value of the monthly benefits payable by plaintiff's retirement plan increases substantially in the final years of employment as the employee approaches his retirement date.

34. The plaintiff was 59 years old at the time of termination; and, he will turn 60 years old in year 2018. The plaintiff was terminated in December, just before the beginning of another year of employment.

35. The plaintiff believes that the approaching anniversary of his employment, his approaching 60th birthday, and the increase in benefits (and therefore cost to the county) were motives underlying his termination.

36. The Employee Retirement Income Security Act (ERISA), 29 U.S.C. Ch. 18 §1001, et seq, prohibits taking adverse action against an employee for the purpose of limiting or denying that employee an "employment benefit."

37. The plaintiff asserts that one of the motives underlying the termination of his employment was to limit, reduce the value of, or deny him his retirement benefits.

38. The plaintiff demands a jury trial.

39. **DAMAGES: GENERAL.** The plaintiff pleads for general damages in an amount to be found just and right by the jury and the Court.

40. **DAMAGES: SPECIAL.** At the time of his termination, the plaintiff made approximately fifty thousand dollars per year ($50,000.00) in wages working for the defendant. The plaintiff had six (6) years to go to reaching retirement age. The plaintiff has suffered that as a loss. Additionally, termination before reaching full retirement age reduces the amount the plaintiff would have received as a monthly retirement benefit in an undetermined amount. The plaintiff has suffered that as a loss.

41. **EXEMPLARY DAMAGES.** The Plaintiff requests punitive/exemplary/liquidated damages against the defendant by reason of its gross negligence, conscious indifference to the welfare of the Plaintiff and persons in his position, and intentional malice.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, **WESTON BLAIR**, prays that the Court grant him the following relief as against HARRIS COUNTY, TEXAS:

(a) general damages as stated above;

(b) special damages as stated above;

(c) exemplary damages when and if permitted;

(d) prejudgment interest at the maximum rate;

(e) postjudgment interest at the maximum rate;

(f) and such further relief, at law and in equity, to which the Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED:**

**LAW OFFICE OF STEPHEN E. MENN
P.O. BOX 572774
HOUSTON, TEXAS 77257-2774
PHONE 832-654-2948
FAX 888-653-4543
stephen_menn@sbcglobal.net**


**BY:    /s/Stephen E. Menn
        STEPHEN E. MENN
        TEXAS BAR NO. 13942200**

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Weston D. Blair<br>5646 Lawson<br>Houston, TX 77023 | From: | Houston District Office<br>Mickey Leland Building<br>1919 Smith Street, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2018-02990 | Leticia Flores,<br>Investigator | (713) 651-4932 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     4/3/18
Rayford O. Irvin,                  (Date Mailed)
District Director

Enclosures(s)

cc:
Barbara Callistien
Senior Assistant County Attorney
HARRIS COUNTY
1019 Congress, 15th Floor
Houston, TX 77002

TWC-Civil Rights Division
101 East 15th Street, Room 144T
Austin, TX 78778