United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
March 13, 2020
David J. Bradley, Clerk

| | |
|---|---|
| Weston Blair, | § |
|     Plaintiff, | § |
| versus | §    Civil Action H-18-2243 |
| Harris County, | § |
|     Defendant. | § |

## Opinion on Summary Judgment

1. *Background.*

    Weston Blair was a maintenance worker for Harris County until he was fired in 2017. He was 45 when the county hired him and 59 when it fired him. Blair says that the county fired him because of his age, violating the Age Discrimination in Employment Act of 1967. The county says it fired Blair for insubordination after his supervisors – David Behm and Paul Carter– disciplined him in writing for his substandard work.

    Behm told his manager – Darrell Breedlove – that Blair was not completing his assignments or cooperating with other workers. Behm put Blair on probation with a plan for improving his performance at the end of 2016. When Behm retired in January 2017, Blair was transferred and worked under Carter.

    Carter also formally reported to Breedlove about Blair's repeated technical incompetence, tardiness, poor working relationships, and lack of accountability. While supervising Blair, Carter saw Blair dismantle equipment and be unable to repair it. Carter also noted that Blair ordered the wrong part to repair equipment.

In his performance review of Blair, Carter noted that he did not believe that Blair would improve.

Blair, Carter, and Breedlove met in December 2017 to discuss Blair's work. Based on Carter's poor review and other complaints of Blair's errors, Breedlove had prepared another performance improvement plan. This plan included a five-day suspension and a requirement that he attend weekly counseling sessions with Carter for a ninety-day probationary period. The plan outlined the areas in which Blair had failed to meet expectations, advised Blair that he would receive daily instructions, and required daily progress reports to Carter. It also explained that Blair could be fired at any point during the probationary period if his work remained unsatisfactory.

Blair told Breedlove and Carter that he would not report daily as required under the plan, nor would he sign it. Breedlove naturally considered Blair insubordinate. After Blair affirmed his refusal later that afternoon, Breedlove asked human resources to prepare a letter of termination to present to Blair the next day based on his insubordination.

Rather than for his substandard work, Blair says that he was fired because he was almost sixty. He says that he had never received a negative performance review until he was approaching sixty.[1]

Blair also says he noticed the county was replacing long-term, older employees with younger people. Blair alleges that other workers in their fifties were "forced" to retire, but he admits that he does not know the circumstances surrounding any of their terminations.[2]

To show the county's discrimination against older workers, Blair cites a conversation he overheard while walking behind a group of seven or eight managers in November 2017. He says he heard those managers say: "It seems like we do not have enough young bloods," and "We need to get some younger

---

[1] Compl. 3.

[2] Blair Dep. 41-43, 45-48, 50-53.

people in here who know how to handle this."[3] He further complains that young maintenance workers referred to him as "old timer" and "old dog."

2. *Discrimination.*

To succeed with his age discrimination claim, Blair must show that he was fired because of his age. The county says it fired Blair for his consistently bad work and attendance, which is a legitimate reason for termination.[4] Because the county has articulated a legitimate reason for firing Blair, Blair must show that the county's proffered reason for terminating him was merely a pretext for discrimination.[5]

Harris County says it fired Blair for insubordination when he refused to comply with the terms of his performance improvement plan – a legitimate and nondiscriminatory reason that has not been shown to be a pretext.

Both Behm and Carter had documented Blair's low-quality work. Behm reported to Breedlove that Blair was not completing assignments or working cohesively with his peers. After the first performance improvement plan failed, Carter witnessed repeated instances of Blair's inability to finish his assignments and his technical incompetence. When Carter complained to Breedlove about Blair, Breedlove created a second performance improvement plan. Carter and Breedlove met with Blair to discuss Carter's evaluation and Breedlove's performance plan for him, but Blair refused to sign or comply with it.

Based on this immediate, flat refusal of a precise, direct order – preceded by a year of failed efforts to get Blair to improve his quality and quantity of work – Blair was fired. Blair has not shown anything that would suggest that the

---

[3] Blair Aff. 2.

[4] *See Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001).

[5] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 (5th Cir. 2012).

county was hostile to him and fired him for his age, rather than for his consistently bad work after months of attempted rehabilitation. He was hired as a protected person over forty. People – and their work – change over time.

If the managers who decided to fire Blair commented on workers' ages, those comments must have demonstrated discriminatory animus to Blair to be actionable. Taking as true that the managers made the statements that Blair says he overheard, they do not show animus or pretext – only that the managers want people who can do the required work well. Further, comments made by younger coworkers with no authority over Blair are irrelevant. Names casually applied among workers are hardly county policy.

Blair has only his subjective belief of discrimination. He says that other workers were forced to retire due to age, but it is an assumption without support. Termination itself is not evidence of discrimination. Blair has not refuted the county's thoroughly documented explanation for his termination.

3.  *Conclusion.*

Blair cannot show that Harris County discriminated against him. He does not have facts that his refusal to obey orders and lapses in competence and attendance improved after a prolonged attempt by the county to rehabilitate him.

The county documented Blair's poor work performance. Blair's supervisors tried to help him, but he refused to cooperate. Blair's unsubstantiated assertions of age discrimination are not sufficient to rebut the county's legitimate reason for firing him. Weston Blair will take nothing from Harris County.

Signed on March __13__, 2020, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge